UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:10CV-24-H

SERGIO J. ROCA                                                                                    PLAINTIFF

v.

MARK BOLTON *et al.*                                                                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Sergio J. Roca filed a *pro se*, *in forma pauperis* civil complaint. Because Plaintiff is proceeding *in forma pauperis*, this Court must review the complaint under 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). For the reasons that follow, all claims will be dismissed with the exception of the excessive force claim, which the Court will permit Plaintiff to amend.

## I. SUMMARY OF CLAIMS

Plaintiff sues Mark Bolton, Director of Louisville Metro Department of Corrections (LMDC); all LMDC employees; Robert White, Chief of Police of the Louisville Metro Police Department (LMPD); all LMPD employees of the 1st and 2nd Districts; and Correctional Medical Services (CMS) and all of its employees at LMDC. He alleges a violation of his constitutional and civil rights. As relief, he seeks damages for pain and suffering and punitive damages.

Plaintiff claims that CMS and its employees never gave him any of his medication for the 53 days he spent in the LMDC. He alleges that Director Mark Bolton never did anything about all of the "corruped CO's that attacked, assaulted, [and] tried to kill [him]" while in the mental health unit of LMDC from October 6, 2009, to November 17, 2009, and from December 7, 2009, to December 18, 2009. He contends that Police Chief Robert White "is a crack addict [and]

corruped." He additionally claims that he was falsely arrested and imprisoned in front of the main library on October 6, 2009, until December 31, 2009, by "three (3) dirty cops." He finally claims a due process violation when he was not allowed to go to the courtroom on October 16, 2009, November 17, 2009, and December 18, 2009.

## II. STANDARD OF REVIEW

Upon preliminary review under 28 U.S.C. § 1915(e)(2), this Court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, a court must "look for plausibility in th[e] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## III. ANALYSIS

Plaintiff sues municipal Defendants and alleges a violation of his constitutional rights. Congress has explicitly provided an exclusive remedy for constitutional violations brought against local officials and local units of government in 42 U.S.C. § 1983. *See Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989). The Court, therefore, construes this action as being brought under § 1983.

### *A. Mark Bolton*

Plaintiff seeks to hold Director Mark Bolton responsible for the alleged assaults by LMDC corrections officers. "Respondeat superior[1] is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). "Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct." *Id.* (internal quotations omitted). "In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'" *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, "liability under § 1983 must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999). Here, Plaintiff fails to allege any facts showing that Director Bolton encouraged any specific incidents or implicitly authorized, approved or knowingly acquiesced to any unconstitutional conduct. Accordingly, all claims against him will be dismissed for failure to state a claim upon which relief may be granted.

---

[1]Respondeat superior is "the doctrine under which liability is imposed upon an employer for the acts of his employees committed in the course and scope of their employment." BALLENTINE'S LAW DICTIONARY (3d ed. 1969).

### B. All LMDC employees

Plaintiff claims that all of the "corruped CO's [] attacked, assaulted, [and] tried to kill [him] while [he] was in LMDC in the mental health unit on the 2nd and 3rd floor of the jail from 10/6/09 to 11/17/09 and 12/7/09 to 12/18/09." Plaintiff, however, fails to name specific officers who allegedly harmed him, to specify the circumstances surrounding how he was harmed, and, most importantly, to allege any injury as a result of the alleged wrongdoing. While concerned by Plaintiff's allegations, Plaintiff has simply not stated a cognizable claim against "all LMDC employees." Should Plaintiff wish to amend the complaint to describe the alleged incidents more specifically and to name those corrections officers who allegedly attacked and assaulted him, the Court will provide him with an opportunity to amend the complaint with respect to this excessive force claim.

### C. Robert White

Plaintiff's allegations that the Chief of Police is a crack addict and corrupt are personal attacks against Defendant Robert White and do not state any constitutional claim.

### D. All LMPD employees of the 1st and 2nd District

Plaintiff does not provide any facts alleging any wrongdoing against "all LMPD employees" of the 1st and 2nd District. Moreover, Plaintiff's claim that he was falsely arrested and imprisoned by three dirty cops is broad and conclusory and he fails to state any facts demonstrating any Fourth Amendment violation. The claims against "all LMPD employees" of the 1st and 2nd Districts must be dismissed for failure to state a claim upon which relief may be granted.

### E. CMS and its employees

"While a pretrial detainee does not enjoy protection of the Eighth Amendment, the Eighth Amendment rights of prisoners are analogous to pretrial detainees' due process rights under the Fourteenth Amendment." *Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir. 1992). An Eighth Amendment claim has both an objective and subjective component. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "To satisfy the objective component, the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Comstock v. McCrary*, 273 F.3d 693, 702-03 (6th Cir. 2001) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "To satisfy the subjective component, the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.* at 702-03.

Plaintiff alleges only that he was denied medication for an unknown cause. He does not allege any injury as a result of being denied the medication. Plaintiff simply does not allege any medical need, serious or otherwise, for which the medication was needed. Because he does not meet the objective element, he has failed to state an Eighth/Fourteenth Amendment claim.

### F. Not allowed in courtroom

As to this claim, Plaintiff fails to provide facts regarding this claim or allege that any named Defendant had any part in his not being allowed in the courtroom. Accordingly, this claim must be dismissed as well.

## IV. ORDER

For the reasons set forth more fully above, and being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff shall have **30 days** from entry of this Memorandum Opinion and Order to amend the excessive force claim against "all LMCD employees." **Plaintiff's failure to file an amendment within the time allotted will result in dismissal of this claim for failure to set forth a cognizable constitutional claim.**

**IT IS FURTHER ORDERED** that all claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

The **Clerk of Court is DIRECTED** to affix the instant case number on a general complaint form and send it to Plaintiff for his use should he desire to amend the complaint.

Date:

cc: Plaintiff, *pro se*
4412.005